UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUBI MEHMETI,

          Plaintiff,

  - against -

STEWART LEE KARLIN,

          Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-3592 (NRM) (TAM)

NINA R. MORRISON, United States District Judge:

      By Order dated March 10, 2023, the Honorable William F. Kuntz, II issued an order barring Subi Mehmeti from filing any additional actions in this Court related to his 2012 termination from employment. *Mehmeti v. Jofaz Transportation, Inc., et al.*, No. 22-CV-2016 (WFK)(LB), ECF No. 29 at 2. On June 26, 2025, in contravention of that Order, Mehmeti filed the above-captioned lawsuit related to the 2012 termination.

      The action is DISMISSED for the reasons forth below.

      Mehmeti has a long history of litigation in this Court related to his 2012 termination by his employer, Jofaz Transportation, Inc. *Mehmeti v. Jofaz Transportation, Inc.*, No. 12 Civ. 5880 (ILG)(JO), 2015 WL 2453499 (E.D.N.Y. May 22, 2015) (dismissing Plaintiff's claims brought under the Family and Medical Leave Act ("FMLA") because the FMLA did not apply at the time Plaintiff was terminated from his position for leaving the bus he was driving at an unauthorized location), *aff'd*, 649 F. App'x 112 (2d Cir. 2016); *Mehmeti v. Jofaz Transportation, Inc.*, No. 16-CV-7085 (WFK)(LB), 2017 WL 908192 (E.D.N.Y. Mar. 7, 2017) (dismissed for failure to state a claim under Title I of the Americans with Disabilities Act), *appeal dismissed*, No. 17-721, 2017 WL 11812476 (2d Cir. June 5, 2017), *cert. denied*, *Mehmeti v. Jofaz Transp., Inc.*, 583 U.S. 1016 (2017); *Mehmeti v. Jofaz Transportation, Inc.*, No. 18-CV-326 (WFK)(LB), 2018 WL 11337341

(E.D.N.Y. Feb. 9, 2018) (dismissed under the doctrines of *res judicata* and collateral estoppel), *appeal dismissed*, No. 18-477, 2018 WL 11337455 (2d Cir. May 24, 2018), *cert. denied*, 586 U.S. 922 (2018); *Mehmeti v. Jofaz Transportation, Inc.*, 19-CV-263 (WFK)(LB), Slip op. (E.D.N.Y. Jan. 23, 2019) (same); *Mehmeti v. Jofaz Transportation, Inc.*, No. 19-CV-4692 (WFK)(LB), 2019 WL 3997462 (E.D.N.Y. Aug. 22, 2019) (same); *Mehmeti v. Jofaz Transportation, Inc.*, No. 21-CV-5993 (WFK)(LB), 2021 WL 5298479 (E.D.N.Y. Nov. 3, 2021), *appeal dismissed sub nom. Mehmeti v. Karlin*, No. 21-2810, 2022 WL 1462295 (2d Cir. Mar. 10, 2022).

In the November 3, 2021 decision again dismissing the FMLA claims, Judge Kuntz described Mehmeti's history of litigation and warned that future filings related to the 2012 termination and related litigation could result in sanctions. *See Mehmeti*, 2021 WL 5298479, at *2. After this warning, Mehmeti turned to state court, filing his FMLA claim in the New York Supreme Court, New York County under Index Number 100342/2022 on March 24, 2022. The defendants removed the action to this Court. *Mehmeti v. Jofaz Transportation, Inc., et al.*, No. 22-CV-2016 (WFK)(LB), slip op. (E.D.N.Y. Feb. 9, 2023) (No. 22-CV-2016, ECF No. 26).

In a February 9, 2023 Order, Judge Kuntz again dismissed Mehmeti's claims under *res judicata* and directed him to show cause within 30 days "why he should not be barred from filing any additional actions in this Court related to his 2012 termination, other than a notice of appeal." *Id.*, at 3. Mehmeti did not file any response. Thereafter, by Endorsed Order dated March 10, 2023, the Court granted Defendant Stewart Lee Karlin's request that Mehmeti be barred from filing any additional actions in this Court related to his 2012 termination. No. 22-CV-2016, ECF No. 29 at 2.[1] Undeterred, Mehmeti filed a new, *pro se*, untimely Motion for Reconsideration in his original

---

[1] A separate case Mehmeti filed in the New York Supreme Court, County of New York on February 15, 2023, Index No. 100122/2023, asserted malpractice claims against Karlin, and Karlin attempted to remove that case to this Court on March 16, 2023. The Court remanded the action to the New York County Court, pursuant to 28 U.S.C. § 1447(c), because Plaintiff's

case, No. 12 Civ. 5880, on November 13, 2024.  No. 12 Civ. 5880, ECF No. 90.  In a November 27, 2024 Order denying the motion, the Honorable I. Leo Glasser stated: "While the Court has sympathetic understanding of the Plaintiff's gnawing, unrelenting belief that he is a victim of a miscarriage of justice, it is hoped that he will yet come to understand that finality is an indispensable necessity that inheres in the law and cease to burden it and its courts with another filing."  *Mehmeti v. Jofaz Transportation, Inc.*, No. 12 Civ. 5880 (ILG)(JO), slip op. (E.D.N.Y. Nov. 27, 2024), ECF No. 92.  That hope appears to have been misplaced.

Despite the filing injunction and Judge Glasser's subsequent order, Mehmeti filed the instant complaint on June 26, 2025, again naming Stewart Lee Karlin as a defendant.  Compl., No. 25-CV-3592, ECF No. 1.  On July 9, 2025, Mehmeti submitted hundreds of additional pages for filing, consisting of letters to the Court, medical records, and documents from his prior litigation.  ECF Nos. 4-8.  The new action alleges that Karlin violated Mehmeti's constitutional rights during Karlin's representation of Mehmeti in the original federal action challenging Mehmeti's termination in 2012.[2]

---

malpractice claims did not establish a basis for this Court's subject matter jurisdiction.  *Mehmeti v. Karlin*, No. 23-CV-2046 (WFK)(LB), 2023 WL 2607682 (E.D.N.Y. Mar. 23, 2023).

[2] Even if the Court had considered Mehmeti's claims on the merits, they would be dismissed.  Karlin is not a state actor, and thus is not amenable to suit under 42 U.S.C. § 1983, which requires that a plaintiff show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")  Moreover, Section 1983 claims brought in federal courts in New York must be filed within three years.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (finding that the statute of limitations for § 1983 actions in New York State is three years, citing N.Y. C.P.L.R. § 214(5) (McKinney's 1990)).  Karlin's representation of Mehmeti ended a decade ago, and thus any potential claim under Section 1983 would be time-barred by the statute of limitations.  As for Plaintiff's claim of "obstruction of justice," citing 18 U.S.C. § 1519, there is no private right of action under this federal criminal statute.  *Nguyen v. Ridgewood Sav. Bank*,

As this action is barred by the March 10, 2023 filing injunction, and as Mehmeti has not requested leave to file, the action is hereby dismissed.

To prevent future attempts to circumvent the Court's orders, the Court clarifies the injunction as follows:

Mehmeti is **enjoined from filing in the Eastern District of New York any further actions or motions** related to his 2012 termination and naming Jofaz Transportation, Inc.; Stewart Lee Karlin; or Ambrose W. Wotorson as defendants, unless Mehmeti **first obtains leave of the Court to file**. If Mehmeti files any such action without requesting leave to file, the Clerk is directed to return the submission to him without docketing.

Nothing in this Order shall be construed to prohibit Mehmeti from filing an appeal of this Order, but the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case and to mail a copy of this Order and the judgment to Mehmeti.

**SO ORDERED.**

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated: July 15, 2025
    Brooklyn, New York

---

66 F. Supp. 3d 299, 301, n.1 (E.D.N.Y. 2014); *see also Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). Accordingly, Plaintiff's purported claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1519 would be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).